## CIRCUIT COURT OF SMYTH COUNTY

George E. Baumgardner, Adm'r

    v.

Southwestern Virginia
Mental Health Institute et al.

January 19, 1993

Case No. (Law) 92–3737

BY JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court for ruling upon the defendants' demurrer to the plaintiff's pleadings. A hearing was conducted on September 17, 1992, at which time counsel argued their respective positions. At the conclusion of the hearing, the court requested counsel to submit written memoranda. I have reviewed the memoranda along with the pleadings and authorities cited and considered all of same in light of counsel's arguments.

The plaintiff initially filed this motion for judgment in the Circuit Court of Lee County on March 27, 1992, seeking to recover compensatory and punitive damages from the defendants alleging they caused the death of plaintiff's decedent. By order entered on the 9th of June, 1992, the Circuit Court of Lee County transferred the case to this court, a more convenient forum and where the cause of action arose. The plaintiff, in his motion for judgment, enumerated several acts or omissions on the part of the defendants, which caused or contributed to the death of plaintiff's decedent. The defendants have demurred to these pleadings stating that the allegations of the motion for judgment do not state a cause of action cognizable under existing Virginia law. The defendants rely upon the doctrine of sovereign immunity as a bar to this action. The defendants further contend that the Virginia Tort Claims Act is inapplicable to this particular factual scenario since this case falls within a clearly-defined exclusion from the Act.

The factual allegations of the motion for judgment, for purposes of the demurrer, are admitted. The plaintiff's decedent was admitted to Southwestern Virginia Mental Health Institute on April 29, 1991, pursuant to a temporary detention order issued by the General District Court of Lee County. She died in that facility approximately seven hours after admission.

As the defendant correctly notes, the doctrine of sovereign immunity is "alive and well" in Virginia. In the case of *Messina v. Burden*, 228 Va. 301 (1984), the Supreme Court stated:

> Contrary to the suggestions of the appellants, the doctrine of sovereign immunity is "alive and well" in Virginia. Though this court has, over the years, discussed the doctrine in a variety of contexts and refined it for application to constantly shifting facts and circumstances, we have never seen fit to abolish it. Nor does the General Assembly want the doctrine abolished. In 1981, the General Assembly enacted the Virginia Tort Claims Act. Had it so chosen, the legislature could have used the Act as a vehicle to abolish sovereign immunity. It did just the contrary.

Prior to the passage of the Tort Claims Act, the Commonwealth was immune from any liability on account of the alleged negligent acts of its servants, agents and employees. To the extent the Act sheds the cloak of sovereign immunity, it is in derogation of the common law and, consequently, must be strictly construed. The Act provides, in part, as follows:

> Subject to the provisions of this article, the Commonwealth shall be liable for claims for money only accruing on or after July 1, 1982 . . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth . . . if a private person would be liable to the claimant for such damage, loss, injury or death.

Section 8.01–195.3 of the Code.

If the plaintiff herein is to prevail, he must establish his claim within the confines of this Act. The Act contains eight specific exclusions. The exclusion relied upon by the defendants states as follows:

Any recovery based on the following claims are hereby excluded from the provisions of this article . . . . (4) any claim based upon an act or omission of an officer, agent or employee of any agency of government in the execution of a lawful order of any court.

Section 8.01–195.3 of the Code.

The plaintiff suggests a very narrow construction of this exclusion, indeed, one that would basically limit it to situations involving false imprisonment or malicious prosecution. The plaintiff contends that the order of the court which placed plaintiff's decedent in the defendant facility was an order for temporary detention only, that he is not contesting the detention, but only the negligent treatment. I believe the plaintiff's construction of this particular exclusion is too narrow. As the defendant correctly observes, the temporary detention order under which plaintiff's decedent was admitted to defendant facility provided not only for her detention, but also for medical and psychiatric treatment. Consequently, it is my opinion that any negligent acts or omissions by the defendants were in execution of a lawful court order. Thus, the above-stated exclusion applies.